United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT SULLIVAN, FRANK DELLACROCE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-2236 |
| STEWART A. FELDMAN, THE FELDMAN LAW FIRM LLP, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The defendants filed an "emergency motion" and an amended "emergency motion," seeking a swift response. The circumstances they present are neither an emergency, particularly in a court dealing with the impact of a global pandemic, nor a basis for the relief they seek.

The defendants ask the court to intervene in ongoing arbitration proceedings by ruling on two issues: whether the parties' arbitration agreement allows for class arbitration; and whether a discovery order requiring production of certain documents was proper. The defendants also challenge this court's jurisdiction over recently removed cases that are part of this sprawling set of proceedings.

The parties' arbitration agreement is one reason this court declines to provide the relief the defendants seek. The agreement delegates to the arbitrator not only the exclusive right to decide issues of "arbitrability," but also to resolve "all disputes and challenges to the formation and enforceability of this arbitration agreement." (Docket Entry No. 2-1 at 15). The parties stated their intent to "divest the courts of all powers in disputes involving the parties, except to compel arbitration, and to confirm, vacate or enforce award. The courts shall have no jurisdiction over

legal or equitable (including injunctive) matters.  The arbitration decision shall be final and binding in all respects."  (*Id.*).

This broad delegation clause, and the absence of any explicit provision barring class actions in the arbitration, mean that this court has no basis to intrude at this stage.  The Supreme Court has repeatedly confirmed that parties may delegate arbitrability and arbitration issues to the arbitrator.  *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417 (2019) ("[P]arties are free to authorize arbitrators to resolve [gateway arbitrability] questions."); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("This Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence."); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.").

The Fifth Circuit has consistently held that the availability of class arbitration is a "gateway" arbitrability issue.  *See 20/20 Commc'ns, Inc. v. Crawford*, 930 F.3d 715, 718–19 (5th Cir. 2019).  If the parties agree to delegate arbitrability issues to the arbitrator, then they agree to delegate the class-arbitration issue, unless their agreement contains a clear class-arbitration bar.  *See Sun Coast Res., Inc. v. Conrad*, 956 F.3d 335, 338 (5th Cir. 2020) (an arbitration agreement, without a class-arbitration bar, delegating to the arbitrator "any controversy or claim arising out of or relating to [the] employment relationship with [the defendant] . . . strongly indicate[d] that the parties bargained for the arbitrator to decide class arbitrability"); *20/20 Commc'ns, Inc.*, 930 F.3d at 720 (an arbitration agreement's "class arbitration bar" signaled the parties' intent to retain "the presumption that questions of class arbitration are decided by courts rather than arbitrators"); *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 197 (5th Cir. 2016) ("[I]f parties agree

2

to submit the issue of arbitrability to the arbitrator, then the availability of class or collective arbitration is a question for the arbitrator instead of the court.").

Beyond this point, the court's previously expressed reluctance to intrude in the middle of an ongoing contract-based arbitration remains. (Docket Entry No. 57). A party's repeated return to court when disappointed by interim arbitration rulings, particularly in arbitration proceedings the party agreed to and before arbitrators it selected, is antithetical to the purpose of arbitration. *See Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995). Judicial review is appropriate after a final award is issued, but not after interim procedural decisions. The court tasked with the final-award review will meet the challenge, at the appropriate time and with a complete record. Review of the approach to the class-action issues pending before the arbitrators is not warranted. The court's reluctance is reinforced by the appearance in the current record that the factual basis for the emergency relief the defendants seek—a request by arbitrators for court guidance—is, at best unclear, and at least overstated. (Docket Entry No. 62 at 2–3).

On the discovery issue, the courts are clear that when, as here, the arbitration clause is broad and the arbitrator's exclusive powers include discovery, the court should not step in to second guess discovery rulings during the arbitration. *See, e.g.*, *Folse*, 56 F.3d at 605; *Alamo Moving & Storage One Corp. v. Mayflower Transit*, 46 F. App'x 731 (5th Cir. 2002) (per curiam) ("[T]he [arbitration] clause simply does not provide for discovery, leaving the issue in the hands of the arbitration panel. Nothing about the clause is oppressive or unreasonable."); *Blue Cross Blue Shield Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011) ("[J]udges must not intervene in pending arbitrations.").

Finally, the argument as to the lack of removal jurisdiction is an insufficient basis for the relief the defendants seek. Among other gaps, the argument fails sufficiently to account for the relationship between the recently removed cases and the case that the defendants themselves

3

removed to federal court, with no indication of an uncertain jurisdictional basis for doing so. The argument also glosses over the fact that the recently removed cases were filed in an attempt to undermine this court's order compelling arbitration. The Fifth Circuit has affirmed injunctions to protect a prior court order compelling arbitration. *See Fuentes v. DIRECTV, Inc.*, 245 F. App'x 408, 409 (5th Cir. 2007) ("[E]njoining the state small-claims-court action was necessary to protect the district court's order compelling arbitration of [the plaintiffs'] late-fee-payment claim. Otherwise, the determination that arbitration was the contractually-agreed-upon method for resolving that claim would be undermined.").

There is no emergency giving this case the privilege to jump to the front of the line, leapfrogging over other cases with more acute needs for prompt judicial time and attention. There is no emergency that warrants the relief the defendants seek. The parties picked arbitration. The parties agreed that the arbitration would proceed until the issuance of the final award, which might then be appropriate for judicial review and enforcement. The parties must comply with the choices they made.

The motion and amended emergency motion, (Docket Entry Nos. 59, 60), are denied.

SIGNED on April 16, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge