United States District Court
Southern District of Texas
**ENTERED**
August 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT SULLIVAN, FRANK DELLACROCE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2236 |
| STEWART A. FELDMAN, THE FELDMAN LAW FIRM LLP, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON STAY

The parties are in arbitrations, and perhaps about to complete the hearings. The arbitrations, before four separate arbitrators, resulted from vigorous litigation over where, and before what decision maker, the parties' many disputes would be resolved. Arbitration clauses of the sort intended to resolve that issue quickly and clearly did not have that effect. After repeated motions, arguments, and orders of this court, the arbitrations proceeded, and this case was stayed pending those proceedings.

The fact that all the disputes are before the arbitrators led the court to ask the parties to show cause why this civil action should not be dismissed without prejudice, rather than have it continue to be stayed. (Docket Entry No. 66). Both sides responded. (Docket Entry Nos. 67, 68). The Doctors ask the court to stay, rather than dismiss, pending the outcome of arbitrations, noting that this litigation and the arbitrations are unusually complex, procedurally and substantively. As a result, the arbitration aftermath will likely not be as limited and straightforward as most postaward court proceedings. The Doctors argue that these factors weigh heavily in favor of a stay, allowing postaward challenges to return to this court, which is familiar with the unusual issues and

history of this litigation. The Doctors point to this court's prior consolidation of cases removed from the state courts, where they had been filed seeking to vacate arbitral rulings, and this court's injunction against further lawsuits seeking to disrupt the parties' ongoing dispute-resolution processes. The Doctors argue that the injunction and consolidation mean that postaward challenges will likely include arbitratal rulings on a host of issues, procedural and substantive. Again, this court's prior involvement, the Doctors argue, weighs in favor of a stay rather than a dismissal. (Docket Entry No. 67).

The Feldman Group has a different view. It argues that there is no cause why this court should not dismiss without prejudice in light of the four pending arbitrations, which are in the final (perhaps) stages of a single hearing and is expected to cover all the parties' disputes. The parties expect four final awards, which will likely be challenged under the Federal Arbitration Act. The Feldman Group argues that a court's review of those awards will be limited and will not "entail renewed consideration and adjudication of the controversy." (Docket Entry No. 68 at 2 (quotation marks omitted)). The Feldman Group asserts that the late inclusion of a nondiverse party in one of the civil actions would raise jurisdictional problems if these cases were stayed and returned to federal court, potentially requiring a separate state-court challenge to an award in that action.

Both sides appear to agree that whether to stay or dismiss is within the court's discretion. *See, e.g.*, *Rainey v. Citigroup, Inc.*, 779 F. App'x 258, 259 n.1 (5th Cir. 2019) (per curiam) ("district courts have discretion to dismiss with prejudice rather than stay litigation pending arbitration"); *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003) (the court's decision "to issue a stay rather than a dismissal was not an abuse of discretion warranting mandamus"); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("Because [the court] determined that all of [the] claims were subject to arbitration, [it] acted

within its discretion when it dismissed this case with prejudice."). In *Apache*, the Fifth Circuit made clear that an order staying—not dismissing—an action and referring all disputed matters to arbitration was not an abuse of discretion warranting mandamus. 975 F.2d at 310–11. The court noted that "entry of a stay rather than a dismissal 'suggests that the district court perceives that it might have to do more than execute the judgment once arbitration has been completed.'" *Id*. at 309 (quoting *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002)). In *Apache*, and in the show cause responses, the parties did not cite "a single case in which [the Fifth Circuit] held that a district court abused its discretion by staying rather than dismissing proceedings pending arbitration." *Id*. at 311.

The postaward likelihood of work for the district court clearly applies here, justifying a stay rather than dismissal. Resolving the postarbitration award issues in these cases will present challenges, which may include issues of jurisdiction. Staying rather than dismissing will place the challenges before a court familiar with the background and parties.

This case will remain stayed, and will not be dismissed at this time. Because the timing of the arbitration proceedings and awards is uncertain, the court will administratively close this case. Any party may move to reinstate on the active docket within 7 days of the date the first arbitration award issues.

SIGNED on August 24, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge