UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SCOTT SULLIVAN, et al.** | § | CIV. ACT. NO.  4:20-cv-02236 |
| Plaintiffs, | § | |
| | § | CONSOLIDATED WITH 2021-cv-0658 |
| | § | AND 2021-CV-0682 |
| VS. | § | |
| | § | JUDGE LEE H. ROSENTHAL |
| | § | |
| | § | |
| **STEWART A. FELDMAN, et al.** | § | |
| Defendants | § | |

# PLAINTIFFS' MOTION TO ADMINISTRATIVELY RE-OPEN CASE, LIFT STAY, AND CONFIRM ARBITRATION AWARD

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT REGARDING THE NATURE AND STAGE OF THE PROCEEDING .............2

STATEMENT OF ISSUES TO BE RULED UPON AND STANDARD OF REVIEW................3

SHORT SUMMARY OF ARGUMENT ......................................................................................4

BACKGROUND ..........................................................................................................................4

ARGUMENT ..............................................................................................................................10

    A.  Under the highly deferential standard of review, confirmation is required unless a statutory basis for vacatur or modification exists ........................................................10

    B.  Because there is no basis for vacatur of the Jones Award, it must be confirmed...........11

CONCLUSION AND RELIEF REQUESTED ...........................................................................14

CERTIFICATE OF SERVICE ....................................................................................................16

# TABLE OF AUTHORITIES

**STATUTES/RULES:**

9 U.S.C. § 9 ..................................................................................................................................2

9 U.S.C. § 10(a) ...........................................................................................................................11

**CASES:**

*Accordant Commc'ns, LLC v. Sayers Constr.*, LLC
    No. A-19-CV-00401-LY, 2019 WL 4478895, at *5 (W.D. Tex. Sept. 18, 2019
    *report and recommendation adopted*, No. 1:19-CV-401-LY, 2020 WL 7496676
    (W.D. Tex. Feb. 3, 2020); ..................................................................................................2

*Andrea Doreen, Ltd. v. Bldg. Material Local Union 282*
    250 F.Supp.2d 107 (E.D.N.Y. 2003) .................................................................................2

*Antwine v. Prudential Bache Securities, Inc.*
    899 F.2d 410 (5th Cir. 1990) ..........................................................................................3, 4

*Arriola v. Martinez*
    No. 5:15-CV-1097-OLG, 2016 WL 11582656 (W.D. Tex. May 20, 2016) .......................2

*Brabham v. A.G. Edwards & Sons Inc.*
    376 F.3d 377 (5th Cir. 2004) ............................................................................................10

*Citigroup Global Markets, Inc. v. Bacon*
    562 F.3d 349 (5th Cir. 2009) ........................................................................................4, 10

*Consol. Coal Co. v. United Mine Workers of Am., Dist. 12, Loc. Union 1545*
    213 F.3d 404 (7th Cir. 2000) ............................................................................................13

*Halliburton Energy Servs., Inc. v. NL Indus.*
    553 F.Supp.2d 733 .........................................................................................................2, 11

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*
    552 U.S. 576 (2008) .........................................................................................2, 4, 10, 14

*Hamstein Cumberland Music Group v. Williams*
    532 Fed. Appx. 538 (5th Cir. 2013) ...................................................................................4

*Hart Surgical v. Ultracision, Inc.*
    244 F.3d 231 (1st Cir. 2001) ..............................................................................................3

*In re Houston Specialty Ins. Co.*
    569 S.W.3d 138 (Tex. 2019) ..................................................................................7

*HRD Corp. v. Bagherzadeh*
    No. 10-1747, 2011 WL 1157544, at *9 (S.D. Tex. Mar. 24, 2011) ...........................14

*In the Matter of the Arbitration Between: Trans. Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*
    978 F.Supp. 266 (S.D. Tex. 1997) .........................................................................11

*La. Health Serv. Indem. Co. v. DVA Renal Healthcare, Inc.*
    422 F. App'x 313 (5th Cir. 2011) ............................................................................2

*Ottley v. Schwartzburg*
    819 F.2d 373 (2d. Cir. 1987) ................................................................................10

*Reserve Mech. Corp. v. Comm'r of Internal Revenue*
    No. 14545-16, 2018 WL 3046596 (Tx. Ct. 2018) ......................................................6

*Resolution Performance Prods., LLC v. Paper Allied Indus. Chem. & Energy Workers Int'l Union, Local 4-1201*
    480 F.3d 760 (5th Cir. 2007) ................................................................................10

*Saipem America, Inc. v. Wellington Underwriting Agencies, Ltd.*
    2008 WL 2276210 (S.D. Tex. Mar. 18, 2008) ...........................................................4

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*
    559 U.S. 662, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010..........................................2

*United Steelworkers of Am. v. Enterprise Wheel & Car, Inc.*
    363 U.S. 593 (1960) ............................................................................................11

*Wood v. Penntex Res. LP*
    No. CIV.A. H-06-2198, 2008 WL 2609319 (S.D. Tex. June 27, 2008)………..........................10

*Xenium S.A. DE C.V. v.* Regent *Hotels Worldwide, Inc.*
    No. 3:07-CV-1094-P, 2007 WL 9717504 (N.D. Tex. Nov. 8, 2007) ..........................2

Plaintiffs, Dr. Scott Sullivan, Dr. Frank DellaCroce, St. Charles Surgical Hospital, LLC, St. Charles Holdings, LLC, Center for Restorative Breast Surgery, LLC, and Sigma Delta Billing, LLC (collectively, the "Doctors"), respectfully ask this Court to administratively re-open this case, lift the Court's stay, and, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), confirm the final arbitration award issued on March 29, 2022 by the Honorable Charles R. Jones, Jr., formerly Chief Judge of the Louisiana Fourth Circuit Court of Appeal (the "Jones Award").[1]

When last confronted by the parties' "*Bleak House* of arbitration,"[2] the Court stayed this case pending the issuance of awards from four arbitrators in four separate arbitrations, including Judge Jones, Judge Caroline Baker, Arbitrator Robert Kutcher, and Arbitrator Mark Glasser.[3] All four arbitrators have now issued their respective awards.[4]

All four arbitrators found that Stewart Feldman and related entities, including the Feldman Law Firm, LLP, Capstone Associated Services, Ltd., Capstone Associated Services (Wyoming) Limited Partnership, and Capstone Insurance Management, Ltd. (collectively, the "Feldman Parties"), breached fiduciary duties to the Doctors; committed professional malpractice; and converted funds belonging to their clients.[5] All four arbitrators issued declaratory relief and

---

[1] *See* Jones Award, attached as Exhibit A.

[2] *See* Memorandum and Opinion (Dec. 4, 2020) [Doc. 51].

[3] *See* Memorandum and Order on Stay (Aug. 24, 2021) [Doc. 69].

[4] *See* Exhibit A, Jones Award; Arbitrator Kutcher's Award (Mar. 22, 2022) and Order on Attorneys' Fees and Costs (Apr. 14, 2022) (collectively, "Kutcher Award"), attached as Exhibit B; Judge Baker's Award (Mar. 22, 2022) ("Baker Award"), attached as Exhibit C; Arbitrator Glasser's Award (Mar. 9, 2022) ("Glasser Award"), attached as Exhibit D. Pursuant to 9 U.S.C. § 13, the Doctors also attach: the Joint Engagement Letter, attached as Exhibit E; the Arbitrators' Order on Pending Motions to Continue (Mar. 1, 2021), attached as Exhibit F; the Arbitrators' Order on Motions to Reset Final Hearing (Mar. 15, 2021), attached as Exhibit G; an e-mail from Arbitrator Glasser (Feb. 10, 2022, 14:31 CST) (reflecting the parties' written agreement, subject to reservation of rights, to extend the four Arbitrators' jurisdiction to issue their awards through March 29, 2022), attached as Exhibit H; and the Affidavit of Peter L. Hilbert, Jr. (April 16, 2022), attached as Exhibit T.

[5] *See* Exhibit A, Jones Award at pp. 269-70; Exhibit B, Kutcher Award at pp. 128, 130; Exhibit C, Baker Award at pp. 316-20; Exhibit D, Glasser Award at pp. 325-29. The "Feldman Parties" refer collectively to:

1

awarded damages in favor of the Doctors and against the Feldman Parties.[6] And all four arbitrators held that the Feldman Parties "take nothing and their claims, affirmative defenses, and any and all relief sought are rejected and dismissed with prejudice."[7]

The Doctors ask this Court to confirm the Jones Award.[8] The Jones Award is most favorable to the Doctors and to Class Members, includes all parties, and addresses all the Doctors' claims against the Feldman Parties. The Jones Award "finally and definitely disposes" of all the claims asserted by the Doctors in their individual capacities against the Feldman Parties.[9] The Jones Award also finally and definitely disposes of all liability claims asserted by "Class Members" against the Feldman Parties, leaving only the Class Members' damages to be quantified in a subsequent, bifurcated phase of the Jones arbitration.[10] For the reasons set forth in the accompanying Memorandum, the Jones Award should be confirmed under Section 9 of the FAA.

The Jones Award is attached to this Motion as Exhibit A. The Doctors also submit a proposed Order and Judgment that they ask the Court to execute. This Court should lift its stay, confirm the Jones Award, and issue a judgment ordering, adjudging, and decreeing the following

---

(1) Stewart Feldman and The Feldman Law Firm, LLP (collectively, "Feldman"); and (2) Capstone Associated Services, Ltd., Capstone Associated Services (Wyoming) Limited Partnership; Capstone Insurance Management, Ltd., and Jeff Carlson (collectively, "Capstone").

[6] *See* Exhibit A, Jones Award at pp. 270, 272; Exhibit B, Kutcher Award at p. 128; Exhibit C, Baker Award at pp. 316-20; Exhibit D, Glasser Award at pp. 325-29.

[7] *See* Exhibit A, Jones Award at p. 273; Exhibit B, Kutcher Award at p. 130; *see also* Exhibit C, Baker Award at p. 365; Exhibit D, Glasser Award at p. 404.

[8] The Doctors reserve all rights, including, but not limited to, the right to seek confirmation or vacatur, in whole or in part, of the Kutcher Award, Baker Award, and/or Glasser Award, and for other relief applicable under the circumstances, at law, or in equity.

[9] *See* Exhibit A, Jones Award at pp. 269-73; *see also Haliburton Energy Servs., Inc. v. NL Indus.*, 553 F.Supp.2d 733, 774 (S.D. Tex. 2008) (Rosenthal, J.) (citing *Hart Surgical v. Ultracision, Inc.*, 244 F.3d 231, 233 (1st Cir. 2001)).

[10] "Class Members" are defined in paragraphs 2 and 3 of the accompanying Jones Award.

2

relief in favor of the Doctors and against the Feldman Parties, as already ordered, adjudged, and decreed by Judge Jones:

a) that there be judgment in favor of the Doctors and Class Members and against the Feldman Parties, finding the Feldman Parties jointly, severally, and solidarily liable to the Doctors and Class Members for breaching fiduciary duties, committing professional malpractice, making fraudulent and negligent misrepresentations, fraud, conversion, violating the Texas Deceptive Trade Practice Act, and violating RICO.

b) that Class Members' damages will be quantified by Judge Jones in a subsequent phase of his bifurcated arbitration.

c) that the Feldman Parties are jointly, severally, and solidarily liable to and must pay the Doctors a total amount of $70,336,224.60, exclusive of attorneys' fees and costs, pre-judgment interest, and post-judgment interest.

d) that there be judgment in the favor of the Doctors, and against the Feldman Parties, awarding the Doctors their attorneys' fees and costs incurred in the arbitration proceedings in an amount of $18,348,294.60.

e) that there be judgment in the favor of the Doctors and against the Feldman Parties, awarding the Doctors pre-judgment interest at a rate of 5%, beginning to accrue on July 29, 2020 and ending on March 28, 2022.

f) that there be judgment in the favor of the Doctors and against the Feldman Parties, awarding the Doctors post-judgment interest at a rate of 5% beginning to apply on March 29, 2022 and running until the judgment is paid in full.

g) that there be Declaratory Judgment entered in favor of the Doctors and Class Members and against the Feldman Parties, declaring that Stewart Feldman and those in active concert with him cannot tender to the risk pool or pool participants for payment or reimbursement any portion of: (1) A.M.Y. Property & Casualty Insurance Corp.'s claims, (2) the legal fees and expenses incurred in the Judge Dorfman arbitration, the arbitration proceedings, other related arbitrations or proceedings in state or federal court, and state bar proceedings, or (3) any damages award that may be issued in these or related court or arbitration proceedings.

h)   that the Feldman Parties take nothing and their claims, affirmative defenses, and any and all relief sought are rejected and dismissed with prejudice.[11]

Respectfully submitted,

*/s/ James M. Garner*
JAMES M. GARNER (Tex. Bar # 792312/ 13895)
   Attorney-in-charge
PETER L. HILBERT, JR (Tex. Fed. Bar # 114441)
THOMAS J. MADIGAN, II (Tex. Fed. Bar #3337451)
JEFFREY D. KESSLER (Tex. Fed. Bar # 3567546)
DAVID A. FREEDMAN (Tex. Fed. Bar # 3567550)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com

Kacy J. Shindler
State Bar No. 24088407
Texas Federal Bar No. 2954540
**The Ammons Law Firm LLP**
3700 Montrose Blvd.
Houston, Texas 77006
(713) 523-1606 (Office)
(713) 523-4159 (Fax)
Email: kacy@ammonslaw.com

Mark Trachtenberg
State Bar No.24008169
S.D. Tex. No. 24584
**Haynes Boone, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2528

---

[11] This decretal language constitutes a summary of the decretal language contained in the Jones Award at pp. 269-273. The accompanying proposed Judgment reflects the full and complete decretal language awarded by Judge Jones in the Doctors' and Class Members' favor and against the Feldman Parties.

4

Facsimile: (713) 236-5567  
mark.trachtenberg@haynesboone.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all known counsel of record through the Court's ECF system on April 25, 2022.

/s/ *James M. Garner*
JAMES M. GARNER

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), I hereby certify and aver that I have conferred with opposing parties' counsel regarding this motion and that the parties could not agree about the disposition of this motion.

/s/ *David A. Freedman*
DAVID A. FREEDMAN