United States District Court
Southern District of Texas
**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SCOTT SULLIVAN, FRANK DELLACROCE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2236 |
| STEWART A. FELDMAN, THE FELDMAN LAW FIRM LLP, *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Five motions are pending before the court: (1) the Doctors have moved to confirm the March 22, 2022, and April 14, 2022, arbitration awards issued by Robert Kutcher, (Docket Entry No. 156); (2) the Capstone and Feldman parties have moved for clarification of the court's January 11, 2023, order, (Docket Entry No. 155), which confirmed the award issued by Judge Caroline Baker, and the court's December 20, 2022, memorandum and order, (Docket Entry No. 153), which denied two motions to dismiss, six motions to vacate, and a motion for reconsideration, and granted three motions to confirm, (Docket Entry No. 158); (3) the Capstone and Feldman parties then filed a motion asking the court to render judgment on the arbitration award issued by Mark Glasser, (Docket Entry No. 162); (4) shortly after, the Capstone and Feldman parties moved to vacate the class arbitration award issued by Judge Charles Jones on November 1, 2022, (Docket Entry No. 163); and (5) Jeff Carlson has also moved to vacate the Jones Class Award, (Docket Entry No. 164).

Beginning with the motion to confirm the Kutcher Awards, the Federal Arbitration Act allows any party to an arbitration to move to confirm an award "within one year after the award is

made." 9 U.S.C. § 9.  The court must grant that motion "unless the award is vacated, modified, or corrected." *Id.*  A motion to vacate, modify, or correct an award must be filed within three months of the issuance of the award.  *Id.* § 12.  The court received two motions to vacate, (Docket Entry Nos. 95, 98), which the court denied, (Docket Entry No. 153). The Doctors now move to confirm the Kutcher Awards. (Docket Entry No. 156).  Because the court denied the motion to vacate and the deadline for any other party to move to vacate, modify, or correct the Kutcher Awards has elapsed, the court must grant the Doctors' motion.  The Kutcher Awards are confirmed.

Although framed as a motion seeking clarification, the Capstone and Feldman parties' motion, (Docket Entry No. 158), is substantively a motion for reconsideration.  The Capstone and Feldman parties ask the court to clarify four issues:

> (1) whether the Court intended to fully confirm, and render judgment on, the Glasser Award, including as to PoolRe, or to negate the Glasser Award's substantive and remedial effect despite confirming that Award;
>
> (2) whether the "Declaratory Judgments" that appear in both the Jones and Glasser Awards, as now confirmed by the Court, apply to PoolRe;
>
> (3) whether the Court intended to include PoolRe in the declaratory relief the Mem Op orders, because even the "Declaratory Judgment" in the Jones Award specifically applies to that entity;
>
> (4) whether the Court intended to fully confirm, and render judgment on, the Baker Award, or to negate the Baker Award's substantive and remedial effect despite confirming that Award.

(Docket Entry No. 158 at 2–3).

Motions for reconsideration exist for the exceedingly "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Quinn v. Guerrero*, 863 F.3d 353, 360 (5th Cir. 2017) (quoting reference omitted).  A party may not use a motion for reconsideration to "raise arguments that were presented or could have been presented in the past."  *Id.*   The arguments raised in the Capstone and Feldman parties' motion for

reconsideration do not rest on any legal or factual errors—let alone, manifest errors—that the court made in its prior rulings. The court was quite clear in its prior order in explaining that PoolRe is not a party in this case, and the Federal Arbitration Act states that "the court shall have jurisdiction of" an adverse party served with an application to confirm. 9 U.S.C. § 9. The motions to confirm in this case did not include PoolRe, which is again, not a party in this case. If the Feldman and Capstone parties seek to confirm an award as to PoolRe, they are not prohibited from filing that motion in a separate case.

The second issue that comes up in the so-called motion for clarification and in the motion asking the court to enter judgment on the Glasser Award, (Docket Entry No. 162), is the inconsistency that exists across the awards. As the court has already explained, inconsistency is not a ground for vacating an award under the FAA. (Docket Entry No. 153 at 32, 34, 36); (Docket Entry No. 51 at 3, 17–18). The motion for clarification, (Docket Entry No. 158), is denied.

Finally, the court has two motions to vacate the Jones Class Award. (Docket Entry Nos. 163, 164). The Doctors have indicated their intent to move to confirm the Award, and their statutory deadline to do so has not yet expired. The Feldman and Capstone parties have also indicated their intent to appeal the court's partial final judgments, which includes the court's judgment on the first Jones Award. The issues on the second Jones Award are very intertwined with the issues the court resolved on the first. By confirming the Jones Award, this Court has already found each of the Feldman and Capstone Parties jointly and severally liable for the claims brought by the Class Members. Rather than prematurely ruling on the motions to vacate, without yet having the motion to confirm, or the benefit of the resolution on appeal, the court will issue a partial final judgment in this case under Rule 54(b) and defer ruling on the motions to vacate until after the appeal has concluded.

The Doctors' motion to confirm the Kutcher Awards, (Docket Entry No. 156), is granted. The Capstone and Feldman parties' motion for clarification, (Docket Entry No. 158), is denied. The Capstone and Feldman parties' motion to render judgment, (Docket Entry No. 162), is granted. The motions to vacate the Jones Class Award, (Docket Entry Nos. 163, 164), are terminated, subject to reinstatement within 14 days of a judgment on appeal.  Partial final judgment will be entered separately.

SIGNED on March 7, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge